## SIMPSON TIMBER COMPANY *v.* STATE
## TAX COMMISSION

Carmie R. Dafoe, Jr., Portland, argued the cause for plaintiff. Carmie R. Dafoe, Portland and Sabin, Dafoe & Newcomb, Portland, filed a brief for plaintiff.

Gerald F. Bartz, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendant.

Decision for plaintiff rendered July 22, 1965.

EDWARD H. HOWELL, Judge.

This is a suit for refund of taxes for the years 1961-62 to and including 1963-64 assessed against a logging road owned by plaintiff.

■ The issue is whether approximately ten miles of logging road is subject to assessment and taxation as a principal exterior timber access road under the provisions of ORS 308.236 which provide in part as follows:

"(2) Roads themselves, *except principal exterior timber access roads,* shall not be * * * assessed * * *." (Emphasis supplied.)

Such a road is defined in subsection (3)(b) of said statute as:

"(b) 'Principal exterior timber access roads' means those portions of high standard mainline private roads that provide access from a conversion center or public way to the exterior boundary of the principal forest area served by the road. * * *"

The road runs from plaintiff's mill near Lyons in Linn County, southeasterly, for about eleven miles to timberland owned by plaintiff. The first mile from the mill runs through pastureland. The next ten miles goes through a variety of land and timber—some cut-over land and old and new growth timber. The parties agree that the first mile of the road through the pastureland is a principal exterior timber access road and also agree that the road is not a principal exterior timber access road after it reaches plaintiff's timberland. It is the area of approximately ten miles between these two points that is in dispute.

The question involves the interpretation of the phrase "exterior boundary of the principal forest area served by the road." The tax commission interpreted the words "principal forest area" as forest area owned by plaintiff and concluded that the exterior boundary of the principal forest area was the timberland owned by plaintiff.

The plaintiff contends that the "principal forest area served by the road" is all the area within the ten miles.

As mentioned, the road in dispute serves cut-over land and old and new growth timber. The stand of merchantable timber starts about six miles from the beginning of the road but there was some residual old growth between this point and the mill. There was

also testimony about various sales of other timber in the area which was logged by persons other than plaintiff and hauled out over this road.

■ It is this court's conclusion that the "exterior boundary of the principal forest area served by the road" is the northern terminus and that the road is not taxable. All ten miles of the road involve a "principal forest area." The "forest area" is served by the road and has been since it was built in 1960. This court does not feel that it has the authority to add an ownership qualification to the statute so that a "principal forest area" is a forest area belonging to the owner of the road.